## ONKST et al. v. ACTON et al.

Court of Appeals of Kentucky.
May 23, 1952.

Luker & Tooms and J. Milton Luker, all of London, for appellants.

R. B. Johnson, London, for appellees.

STEWART, Justice.

This suit was instituted to enjoin defendant, George D. Onkst, from obstructing a roadway running through his farm to the lands of plaintiffs which road the latter claimed had been in public use 50 years. Plaintiffs' land lies north of the Onkst farm. In an amended petition plaintiffs alleged that this defendant had changed the course of the roadway by building portions of it over a new route and that defendant and other persons who were made parties defendant in the amended petition had obstructed the use of the roadway over the new sections; and in a second amended petition plaintiffs claimed title by adverse possession to the roadway set forth in the petition and in the amended petition.

All the roads involved in this litigation are shown on a map prepared on July 28, 1948, by J. H. Graham, Laurel County Road Engineer, and filed with his deposition as "Exhibit F", which map has been accepted by the parties hereto as correctly locating the roads in controversy. We have incorporated into this opinion a sketch of this

map, and we shall refer hereinafter to this diagram as the "Graham map", and, in establishing points on the roads claimed by George D. Onkst and appellees, we shall also employ the letters of the alphabet and the descriptions noted on this map.

The Chancellor adjudged the following described route across the farm of defendant, George D. Onkst, as shown on the Graham map, to be a public roadway: Beginning at "F" on Highway 80; thence northwardly over the "New Road" to "C"; thence northwardly over the "New Road" to "B"; thence northwestwardly over the "Old Route" to "G"; thence northeastwardly to "H"; thence northwardly to "I"; and thence northwardly to "K", the last point terminating on plaintiffs' lands.

Defendants have appealed from this judgment, contending that, although plaintiffs have a right to a roadway across the farm of defendant, George D. Onkst, the actual course of the long-established roadway which they are entitled to use is over what has always been called the old "Log Trail", and which, as set forth on the Graham map, begins at "E" on Highway 80 and then runs northwardly across the George D. Onkst farm to "D" to "A" to "G" to "H" to "I" and to "J", the last point terminating on plaintiffs' lands.

The Chancellor's judgment can be sustained only on condition that it be established that appellees have acquired title by adverse possession to section "F" to "C" to "B", the route called the New Road, and to section "I" to "K". It is not denied by appellees that appellant, George D. Onkst, constructed the New Road some ten years before this litigation, in order to have a haulway to and from certain coal mines on his land. In our opinion it was also proven beyond any doubt that, during the time this section of road has been in existence, it has been used on no occasion without the consent of appellant, George D. Onkst, by persons transporting timber and coal from appellees' lands. The evidence also disclosed that over a period of the last six or eight years the course depicted on the Graham map as "I" to "K" has been bulldozed across the Onkst farm without authority from appellant, George D. Onkst, by persons removing coal from appellees' lands.

The section from "B" to "G", known as Old Route, was formerly a public highway which was once used as a connecting link between the old Log Trail and the first location of the "Old Somerset Road", as traced on the Graham map. The evidence is uncontradicted that the Old Somerset Road has been abandoned and fenced up for many years. Therefore, it would be of no advantage to appellees to travel from "B" to "G", that is, on the Old Route, unless they also have the right to traverse the New Road.

From our review of the record we have reached the conclusion that there is no evidence that appellees have acquired title by adverse possession to section "F" to "C" to "B", otherwise called the New Road, or to section "I" to "J". Certainly it cannot be seriously contended they have traveled these two new routes a sufficient period of time to establish any right by prescription. Moreover, the evidence is clear and convincing that these two sections are not a relocation of the old Log Trail. The old Log Trail roadway affords appellees a roadway sufficient for their use, and we think, after considering all the facts of this case, this is the roadway the Chancellor should have set aside for their use.

Wherefore, the judgment is reversed with directions that a new one be entered in conformity with this opinion.